UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIGHTON OPTICAL, INC., et al.,

   Plaintiffs,

v.

VISION SERVICE PLAN,

   Defendant.

_____/

Case No. 03-74974

Honorable Nancy G. Edmunds

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR
LEAVE TO FILE FIRST AMENDED COMPLAINT [47]**

This matter came before the Court at a hearing held on May 11, 2005, on Plaintiffs'
motion for leave to file a first amended complaint.  Being fully advised in the premises,
having read the pleadings, and for the reasons set forth on the record and below, the Court
GRANTS IN PART and DENIES IN PART Plaintiffs' motion for leave to amend.

**I. Background**

Defendant Vision Service Plan ("VSP") is a nonprofit corporation that provides eye
care services to enrollees through a network of "member doctors" who are independent
optometrists and ophthalmologists.  (3/5/04 R & R on Pls.'s Mot. Prelim. Inj. at 1; adopted
by Court in 6/23/04 Order.)   To become a VSP member doctor, optometrists and
ophthalmologists, including Plaintiffs, were required to execute a VSP Member Doctor
Agreement ("MDA").  "Condition E" of each MDA requires that each doctor, as a condition
of continued VSP member doctor status, maintain "complete control of all aspects of his/her
practice" or be employed by a VSP authorized doctor who maintains such complete control.

The current Plaintiffs in this action are: (1) optometrists who entered into MDA's with VSP, and (2) businesses that are either owned by such optometrists or employ them. (3/5/04 R & R at 3.)   Plaintiffs also are parties to franchise agreements with large franchisers such as Pearle Vision, Inc. and D.O.C. Optics Corp.  (*Id.* at 5, 6.)  VSP notified the affected doctors of its intent to terminate their VSP memberships for violation of MDA Condition E because it claims such franchising agreements ceded control over Plaintiffs' practices to Pearle and D.O.C.  VSP asserts that the current Plaintiffs were terminated as VSP member doctors only after completion of VSP's normal multi-tiered termination process.

Plaintiffs' original complaint, filed on December 10, 2003, has six counts:  (1) violation of membership rights without due process; (2) declaratory judgment; (3) breach of contract; (4) monopolization and attempted monopolization (prepaid primary vision care services market); (5) monopolization and attempted monopolization (prepaid primary vision care insurance market); and (6) violation of Michigan antitrust law asserted by those Plaintiffs that practiced in Michigan.  (12/10/03 Compl.)

## II.   Analysis

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is freely granted where justice so requires. *See* Fed. R. Civ. P. 15(a). However, a motion to amend a Complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *See Foman v. Davis*, 371 U.S. 178 (1962). Prejudice may result from delay, but "[d]elay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be

2

granted." *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994) (citing *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hagerman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973))).

Plaintiffs seek leave to amend, arguing that such leave should be freely granted, that they have not been dilatory in seeking such amendment, and that Defendant will not be prejudiced if the Court grants their motion. Defendant disagrees. VSP complains that discovery is now closed, the dispositive motion deadline is fast approaching, and this case will never end if Plaintiffs are allowed to add new Plaintiffs and new claims each time another member doctor is terminated. This Court agrees with Defendant in part.

Plaintiffs' motion is DENIED as to the request to add new party Plaintiffs: Jeffrey Hagan, O.D. and his corporate entity Jeffrey S. Hagan, O.D., P.C.; Kenneth Foon, O.D. and Michael Liberman, O.D. and their corporate entity, DOC Eyeworld Northland d/b/a Detroit Optical Company. The Court finds Defendant's arguments persuasive as to the addition of these new party Plaintiffs at this late stage of the litigation. There is nothing precluding these proposed new parties from filing a separate action against VSP.

Defendant further argues that, because of undue delay and prejudice to it, Plaintiffs should not be allowed to amend their complaint to add new claims; e.g., (1) violation of Massachusetts antitrust law; (2) violation of Florida antitrust law; (3) breach of contract claims as to the "Grandfather Agreement;" and (4) tortious interference with business relations. Defendant's arguments here are not persuasive. Although there may be legal or equitable deficiencies in these new claims, those issues are best addressed by dispositive motions rather than by opposition to the motion to amend. Accordingly, Plaintiffs' motion for leave to amend is GRANTED IN PART. The new claims asserted in

3

Plaintiffs' proposed first amended complaint will be allowed as to the existing Plaintiffs.

Moreover, the dispositive motion cut-off date will be extended by 60 days from June 15,

2005 to August 15, 2005, during which time Plaintiffs may not conduct discovery on the

newly allowed claims.

## III.   Conclusion

For the above-stated reasons, Plaintiffs' motion is GRANTED IN PART and DENIED

IN PART.


S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  May 13, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record
on May 13, 2005, by electronic and/or ordinary mail.

S/Carol A. Hemeyer
Case Manager

4