UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIGHTON OPTICAL, INC.
et al.,

Plaintiffs,

v.

VISION SERVICE PLAN,

Defendant.
_________________________/

CASE NO. 03-CV-74974-DT
JUDGE NANCY G. EDMUNDS
MAGISTRATE JUDGE PAUL J. KOMIVES

MEMORANDUM OPINION AND ORDER (1) DENYING PLAINTIFFS' SECOND MOTION TO COMPEL; AND (2) ORDERING PRODUCTION IN PART OF THE DOCUMENTS SUBMITTED FOR IN CAMERA INSPECTION

This matter is before the Court on plaintiffs' second motion to compel further responses to their requests for production of documents, filed on April 18, 2005. Following the filing of plaintiffs' motion, defendant served on plaintiffs and filed with the Court a further response to plaintiffs' document production requests. Plaintiffs filed a reply on May 13, 2005, and the Court held a hearing on the matter on May 16, 2005. The parties have also submitted two documents for *in camera* inspection in accordance with the Court's Order entered on plaintiffs' first motion to compel. For the reasons that follow, plaintiffs' second motion to compel will be denied, and defendant will be ordered to produce in part the documents submitted for *in camera* inspection.

First and Second Requests for Production of Documents and Subpoena of Denis Humphreys: Plaintiffs seek an order compelling further responses to Request Nos. 1, 5, 6, and 9 of their First Request for Production of Documents; to Request Nos. 61, 66-70, 72-73, 78, 80-81, 93, and 100-102 of their Second Request for Production of Documents; and to Request Nos. 6 and 19 of the subpoena of Denis Humphreys. With respect to each of these requests, defendant contends in its supplemental

response that it has no further documents responsive to these requests which have not already been produced in the litigation. It is well established that a party "cannot be compelled to produce documents which do not exists." *Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 445, 448 (D. Kan. 2000); *La Chemise Lacoste v. The Alligator Co., Inc.*, 60 F.R.D. 164, 172 (D. Del. 1973); *United States v. Dempster Bros., Inc.*, 31 F.R.D. 207, 208 (E.D. Tenn. 1962). In the absence of evidence to the contrary, a court must take a party "at its word that there are no other documents in its possession, custody, or control that are" responsive to these document requests. *Smiley v. City of Philadelphia*, No. 95-0804, 1995 WL 639799, at *2 (E.D. Pa. Oct. 30, 1995); *see also, Pulsecard, Inc. v. Discover Card Servs., Inc.*, No. 94-2304-EEO, 1995 WL 526533, at *1 (D. Kan. Aug. 31, 1995).[1] Defendant's initial discovery responses, in which it indicated that it had no responsive documents not covered by its objections, while inartfully drafted, do not provide any evidence that such documents existed. Accordingly, plaintiffs' motion to compel will be denied with respect to these documents.

<u>In Camera Documents:</u> In compliance with the Court's order on plaintiffs' first motion to compel, the parties have submitted two documents for *in camera* inspection. The first document is an Internal Revenue Service Technical Advice Memorandum regarding defendant's tax exempt status. Defendant contends that this document contains confidential financial information, and therefore need not be produced. The Court concludes that this document is subject to production. Generally, tax return and other financial information are not immune from discovery. *See Scott v. Arex, Inc.*, 124 F.R.D. 39, 41 (D. Conn. 1989); *Halperin v. Berlandi*, 114 F.R.D. 8, 11 (D. Mass. 1986); *In re Dayco*

[1] Of course, "[i]f it later appears that any such statement is untrue and that required disclosures have not [been] made, the rules authorize[] appropriate remedies and sanctions." *Pulsecard*, 1995 WL 526533, at *1.

*Corp. Derivative Sec. Litig.*, 99 F.R.D. 616, 625 (S.D. Ohio 1983); *Credit Life Ins. Co. v. Uniworld Ins. Ltd.*, 94 F.R.D. 113, 120 (S.D. Ohio 1982). It is inappropriate to totally prohibit discovery of confidential commercial information. Protective orders totally prohibiting discovery are rarely granted. *See, e.g.*, *Cockrum v. Johnson*, 917 F. Supp. 479, 483 (E.D. Tex. 1996) (before ordering that discovery not be had, "less drastic measures should first be considered."); *Frideres v. Schiltz*, 150 F.R.D. 153, 156 (S.D. Iowa 1993); *Medlin v. Andrew*, 113 F.R.D. 650, 652 (M.D.N.C. 1987). Rather, the general approach is to grant the discovery subject to some sort of protective order. *See Mackey v. IBP, Inc.*, 167 F.R.D. 186, 196 (D. Kan. 1996). Here, defendant's confidentiality concerns are adequately addressed by permitting defendant to designate the documents as "Confidential–Attorneys' Eyes Only" pursuant to the Protective Order entered in this case.

The second document submitted for *in camera* inspection is a memorandum from Jeff Vellenga to Janice Wilson regarding the membership history of plaintiff Nichols Optical. Defendant contends that the document was prepared in response to a request from Robert Moss, Deputy General Counsel for defendant. The Court concludes that the document as a whole is not privileged, and is therefore subject to production. The memorandum itself is merely from one VSP employee to another; it is not between a VSP employee and legal counsel. Defendant has offered no evidence, in the form of an affidavit or documents reflecting counsel's request that the memorandum be produced, demonstrating that the memorandum constitutes an attorney-client communication. Nor has defendant provided anything to demonstrate that the memorandum constitutes attorney work product prepared in anticipation of the is litigation, given the lack of evidence that the document was requested by counsel and the fact that document was produced well in advance of the filing of this suit. With respect to both the attorney-client privilege and the work product doctrine, the party resisting discovery bears the burden of demonstrating the applicability of the privilege. *See Auto Owners Ins.*

*Co. v. Total Tape, Inc.*, 135 F.R.D. 199, 201 (M.D. Fla. 1990); *In re Shopping Cart Antitrust Litig.*, 95 F.R.D. 299, 305-06 (S.D.N.Y. 1982). "A party asserting the attorney-client privilege has the burden of showing with competent evidence of record that it clearly applies. . . . Where a party fails to substantiate a claim of attorney-client privilege, the claim will be denied." *Meridian Mortgage Corp. v. Spivak*, No. 91-3932, 1992 WL 205640, at *3 (E.D. Pa. Aug. 14, 1992) (citing *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984); *Delco Wire & Cable, Inc. v. Weinberger*, 109 F.R.D. 680, 687-88 (E.D. Pa. 1986)). Because defendant has failed to support its claim of privilege with competent record evidence, the Court concludes that the Vellenga memorandum must be produced. However, defendant may redact any particular statements in the memorandum which describe previous conclusions of legal counsel, which by their nature are clearly covered by the attorney-client privilege.

Accordingly, it is ORDERED that plaintiffs' second motion to compel is hereby DENIED. It is further ORDERED that defendant serve on plaintiffs, in accordance with the foregoing Opinion, the documents submitted for *in camera* inspection within 14 days of the date of this Order.

The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 6/10/05

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on June 10, 2005.

s/Eddrey Butts
Case Manager