# EXHIBIT 15

**Plaintiff's Opposition to Motion for Summary Judgment**



March 10, 2003

John E. Birchmeier, O.D.
8491 Grand River, Ste. 400
Brighton, MI  48116

Dear Dr. Birchmeier:

It was recently brought to our attention that you operate a Pearle Vision franchise at the above location. After careful review of your franchise agreement with Pearle Vision it was determined that you do not have complete control over all aspects of your practice, including the dispensary.

Condition "D" of the Member Doctor Agreement states: *"Member Doctor shall provide complete Vision Care Service on all premises occupied by Member Doctor for the practice of optometry or ophthalmology. Member Doctor shall maintain the ability on all premises to provide a comprehensive level of vision service, shall provide dispensing services, and shall supply ophthalmic materials."*

Condition "E" of the Member Doctor Agreement states:  *"Ownership and control of a Member Doctor's practice, including dispensary, is essential for VSP membership. Member Doctor shall have, or be employed by another VSP Member Doctor who has majority ownership and complete control of all aspects of his/her practice including dispensary.*

As you no longer meet Condition "D" and "E" of the Member Doctor Agreement, it is necessary to remove you from membership with all VSP programs.  You have until May 11, 2003 to complete any VSP cases in progress.  Claims with a date of service of May 12, 2003 or later will no longer be paid directly to you.

Effective May 12, 2003, you will no longer be able to submit claims electronically to VSP.  Paper claims you submit beginning May 12, 2003 may be assessed a $2-per-claim charge, per VSP's policy.

Your name will continue to appear on the Member Doctor list until the next printing.  As VSP patients schedule appointments, they should be advised that you no longer provide care as a VSP doctor.  VSP and the Enrollee are not liable for payment of charges incurred without the patient's prior knowledge of your non-member status.

Vision Service Plan
Eastern Operations Center, 3400 Morse Crossing, Columbus, Ohio  43219
Tel: 614.471.7511   800.462.7009   fax: 614.428.6278
visit our web site at www.vsp.com

315      //

John E. Birchmeier, O.D.
March 10, 2003
Page Two

You may appeal this decision by requesting to participate in a hearing with a hearing panel appointed by the VSP Corporate Quality Management Committee. If you wish to appeal, please notify Becky Benjamin, in writing, at 3400 Morse Crossing, Columbus, OH 43219.

If you fail to request this hearing within thirty (30) days of your receipt of this letter, you will forfeit your appeal rights. If you request, then fail to participate in the hearing, you will also forfeit any further right to appeal this decision.

If any changes occur in your situation that would make you consider yourself eligible, you may reapply for membership. You will be subject to a $450.00 reapplication fee. There is no guarantee that your application for membership will be approved.

If you have any questions, please contact Becky Benjamin in our Network Management Unit at (800) 462-7009, ext. 274.

Cordially,

DENIS HUMPHREYS, O.D.
Optometry Director

DH/bb



U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To   John E. Birchmeier, O.D.
Street, Apt. or PO Box   8491 Grand River, Ste. 400
City, State   Brighton, MI 48116

PS Form 3

7002 2030 0006 4882 5197

315

12



September 2, 2003

John E. Birchmeier, O.D.
8491 West Grand River #440
Brighton, MI 48116

Dear Dr. Birchmeier,

The Quality Management Committee of Vision Service Plan has made its recommendations following your recent VSP hearing. After careful review and consideration of the Committee's recommendations, I have decided to uphold the initial decision to terminate your VSP membership.

My decision is based upon the following:

*Your agreement with Pearle Vision fails to show complete control of the optical dispensary. This is a violation of Condition "E" of the Conditions of Membership contained in the VSP Member Doctor Agreement, which requires ownership and control of the Member Doctor's practice, including dispensary.*

You may appeal this decision by requesting a formal hearing before a hearing panel appointed by the VSP Quality Care Committee. If you submit a written request within thirty (30) days of your receipt of this letter, the hearing will take place on Thursday, November 6, 2003, at VSP Corporate Headquarters in Rancho Cordova, California. Your request for appeal must be addressed to the VSP Board of Directors and sent to the attention of Diane Lloyd at VSP. If you would like to participate by telephone conference call, please so indicate in your written request and provide a telephone number where you are to be reached the date of the hearing. Should you fail to request this hearing within thirty (30) days you will forfeit any further appeal rights and VSP's decision to terminate your membership will become final effective October 2, 2003. If you request, then fail to participate in the hearing, you will also forfeit any right to appeal this decision.

A12

John Birchmeier, O.D.
September 2, 2003
Page Two


Your hearing rights are set forth in the attached VSP Peer Review Plan and Fair Hearing Procedure.

If you require additional information, please contact Diane Lloyd at 916-851-5071, or e-mail at dianll@VSP.com.

Cordially,

*Denis Humphreys, od.*

DENIS HUMPHREYS, OD
Optometry Director

DH/jc


Enclosed:     VSP Peer Review Plan and Fair Hearing Procedure

A13



HEARING PANEL APPOINTED BY
THE QUALITY MANAGEMENT COMMITTEE

**JULY 30, 2003**
INFORMAL HEARING OF: **JOHN BIRCHMEIER, OD**
**BRIGHTON, MI**

## SUMMARY

### I. ISSUES
This hearing concerns Dr. Birchmeier's lack of complete control over all aspects of his practice, including the dispensary. Lack of ownership and control constitutes a breach of Condition "D" and "E" of the Member Doctor Agreement, thereby providing sufficient grounds for removal from membership (see page 102).

### II. FACTS
In November of 2002, it came to VSP's attention that Dr. Birchmeier's practice is a Pearle Vision franchise.

In correspondence dated November 14, 2002, VSP requested sufficient documentation, so that a determination could be made regarding Dr. Birchmeier's business arrangement with Pearle Vision (see page 101).

In response to VSP's request, Dr. Birchmeier provided certain information to VSP (see page 13).

On February 13, 2003, Dr. Birchmeier's franchise agreement with Pearle Vision, Inc. (PVI) was reviewed. Although, the Agreement states that the Franchisee is an independent contractor, it further indicates that the management and operation of the business is subject to express standards, specifications and procedures contained in the Agreement. From the requirements, above, PVI appears to hold substantial control over the operation and management of practice. Thus, it appears that Dr. Birchmeier, through John E. Birchmeier O.D. PC or Brighton Optical, Inc., lacks complete control over all aspects of the practice, including the dispensary (see pages 14-100).

VSP notified Dr. Birchmeier of its opinion by letter dated March 10, 2003 (see page 11).

### III. DOCTOR'S POSITION
In correspondence dated December 2, 2002, Dr. Birchmeier apologized for the delay in providing his franchise agreement with PVI. Dr. Birchmeier explains in April of 1999 he changed his business name from John E. Birchmeier O.D. PC to Brighton Optical, Inc., owning 100% stock of the company. Although Dr. Birchmeier paid the legal fee to change the name on his franchise agreement with PVI, they did not issue Dr. Birchmeier a new agreement. Dr. Birchmeier states his relationship with PVI is an independent franchise. Furthermore, he does not use their lab for his finished eyeglasses, but buys his

products directly from the frame and contact lens manufactures. The practice provides a full service office, including a boutique optical, providing brand name frames and lens. Dr. Birchmeier claims to provide complete dilated examinations to all patients, and practices to the full extent of his licensure. Additionally, Dr. Birchmeier is a member of the AOA, MOA and on the advisory board of the Lansing TLC Laser Center, since 1993. In addition, Dr. Brichmeier provides services to a large number of VSP patients, which is an important part of his practice. In conclusion, Dr. Brichmeier expresses VSP is the best-organized and efficient third party provider that he participates in, and looks forward to a long association with VSP (see page 13).

In a letter dated March 28, 2003, Dr. Birchmeier, requested an Informal Hearing to appeal the decision to remove him from membership (see page 10).

On March 28, 2003, in a letter to VSP, Dr. Birchmeier's attorney, Eric Karp, requested an Informal Hearing to appeal the decision to remove Dr. Birchmeier from membership. In addition, Mr. Karp attached a list of discovery demands requesting documents and information (see pages 5-10). On May 28, 2003 VSP provided Mr. Karp with a response to his request  (see pages1-4).

## IV. VSP CONCLUSION
Base upon the above facts, Dr. Birchmeier is in violation of VSP's policy requiring that a VSP member doctor shall have majority ownership and complete control of all aspects of their practice including the dispensary (see page 102). In correspondence dated March 10, 2003, Dr. Birchmeier was notified of his removal from membership (see pages 11-12).



November 18, 2003

John Birchmeier, O.D.
8491 West Grand River #400
Brighton, MI 48116

## RE: *Result of Formal Hearing before VSP's Quality Care Committee*

Dear Dr. Birchmeier,

Thank you for participating in the Formal Hearing of your request on November 6, 2003, before Vision Service Plan's (VSP) Quality Care Committee Hearing Panel. The Hearing Panel has carefully reviewed and considered the following information:

1. The conclusions reached by the VSP Quality Management Committee, following your Informal Hearing of July 30, 2003

2. All documentary evidence submitted in the Formal Hearing Packet and addendum

3. Your testimony given on November 6, 2003 before the VSP Quality Care Committee

Based upon the evidence presented, the Hearing Panel has made the final determination that:

♦ *Documentation received by VSP contained an associated franchise agreement with Pearle Vision, Inc., executed in December of 1997. This agreement violates Condition "E" of the Member Doctor Agreement, which concerns ownership and control of the Member Doctor's practice, including dispensary.*
♦ *New information was not presented as evidence of a change in the PVI agreement and/or their control of your practice.*

Accordingly, the Hearing Panel has confirmed the VSP Optometry Director's decision to remove you from membership.

*Passion for people. Vision for life.*



November 18, 2003
John Birchmeier, O.D.
Page Two

You are granted until December 30th, 2003, to complete any existing VSP cases in progress. Claims with a date of service of December 31, 2003, or thereafter, will no longer be paid to you directly.

Please be advised, however, that your name will continue to appear in the printed member list until the next printing. As VSP patients schedule appointments, you are required to advise them that you no longer provide care as a VSP member doctor.

You are further advised that, under no circumstances will VSP, or the VSP covered patient, be liable for the payment of charges incurred without the patient's prior knowledge of the doctor's non-member status.

Effective December 31, 2003, you will no longer be able to submit claims electronically to VSP for prior dates of service. Any paper claims you submit beginning December 31, 2003, may be assessed a $2-per-claim charge, per VSP's policy.

If any changes occur in your situation that would make you consider yourself eligible, you may re-apply for membership. There is no guarantee, however, that your application for membership will be approved and you will be charged a $450.00 application fee for this process.

If you require additional assistance, please contact Diane Parenti at (800) 852-7600, extension 5071.

Sincerely,

James Short, OD
Hearing Panel Chair

JS/dp

Cc: Eric Karp, Esq. /WITMER, KARP & WARNER



January 9, 2003

ELIZABETH NICHOLS, O.D.
Nichols Optical, Inc.
3200 S. Airport W. 146
Traverse City, MI  49684-8042

Dear Dr. Nichols:

After a review of the franchise agreement between Nichols Optical, Inc. and Pearl Vision, it has been determined that as an owner doctor you do not have complete control of the dispensaries in the offices of Nichols Optical, Inc.

Condition "C" of the Member Doctor Agreement states: *"Each optometrist and ophthalmologist providing primary eyecare and routine vision care in any office of Member Doctor must be an authorized VSP doctor, all offices of Member Doctor must qualify as VSP offices, and all Vision Care Services furnished to each VSP Patient by Member Doctor must be rendered in VSP qualified offices."*

Condition "E" of the Member Doctor Agreement states: *"Ownership and control of a Member Doctor's practice, including dispensary, is essential for VSP membership. Member Doctor shall have, or be employed by another VSP authorized doctor who has majority ownership and complete control of all aspects of his/her practice including dispensary.  In the alternative, the practice and dispensary may be owned by a duly constituted professional organization that demonstrates through its organizational documents:*
   *1. That the organization is made up entirely of and owned totally by optometrists, physicians and surgeons;*
   *2. That the optometrists, physicians and surgeons are actively practicing their specialties in that organization;*
   *3. That the control of all professional eye care services, including dispensing, is delegated solely to the VSP member doctors in that organization; and*
   *4. That the optometrists are actively practicing to the full extent of their licensure."*

Additionally, Number 7 of the Member Doctor Office Standards states: *"All VSP member doctors will provide and have ownership and control of dispensing services contiguous to the Practice Office to ensure VSP patients the benefit and convenience of a full-service, quality vision care program."*

As you no longer meet Conditions "C" and "E" of the Member Doctor Agreement, it is necessary to remove you from membership with all VSP programs.  You have until March 9, 2003 to complete any VSP cases in progress.  Claims with a date of service of March 10, 2003 or later will no longer be paid directly to you.

VISION SERVICE PLAN
EASTERN OPERATIONS CENTER, 3400 MORSE CROSSING, COLUMBUS, OHIO  43219
TEL: 614.471.7511   800.462.7009   FAX: 614.428.6278
VISIT OUR WEB SITE AT WWW.VSP.COM

PLAINTIFF'S
EXHIBIT NO. _16_
FOR IDENTIFICATION
DATE: 9/1/09  RPTR: JC

820



ELIZABETH NICHOLS, O.D.
January 9, 2003
Page Two


Effective March 10, 2003, you will no longer be able to submit claims electronically to VSP.  Paper claims you submit beginning March 10, 2003 may be assessed a $2-per-claim charge, per VSP's policy.

Your name will continue to appear on the VSP doctor list until the next printing.  As VSP patients schedule appointments, they should be advised that you no longer provide care as a VSP doctor.  VSP and the VSP covered patient are not liable for payment of charges incurred without the patient's prior knowledge of your non-member status.

You may appeal this decision by requesting to participate in a hearing with a hearing panel appointed by the VSP Corporate Quality Management Committee. If you wish to appeal, please notify Jeff Vellenga, in writing, at 3400 Morse Crossing, Columbus, OH 43216.

If you fail to request this hearing within thirty (30) days of your receipt of this letter, you will forfeit your appeal rights. If you request, then fail to participate in the hearing, you will also forfeit any further right to appeal this decision.

If any changes occur in your situation that affect your eligibility, you may reapply for membership. You will be charged a $450.00 reapplication fee and there is no guarantee that your application for membership will be approved.

If you have any questions regarding this matter, please contact Jeff Vellenga at (800) 462-7009, ext. 224.

Cordially,

*Denis Humphreys, O.D.*

DENIS HUMPHREYS, O.D.
Optometry Director


DH/jv


Enclosure

*17*



September 2, 2003

Nichols Optical, Inc.
3200 S. Airport Road, West #146
Traverse City, MI 49684

**Re: Elizabeth Nichols, O.D., David Cannon, O.D., Gerald Skiba II, O.D., Kelly Bulow, O.D., Patrick Ruggles, O.D., Julie Runstrom, O.D.**

Dear Dr. Nichols,

The Quality Management Committee of Vision Service Plan has made its recommendations following your recent VSP hearing. After careful review and consideration of the Committee's recommendations, I have decided to uphold the initial decision to terminate your VSP membership.

My decision is based upon the following:

*Your agreement with Pearle Vision fails to show complete control of the optical dispensary. This is a violation of Condition "E" of the Conditions of Membership contained in the VSP Member Doctor Agreement, which requires ownership and control of the Member Doctor's practice, including dispensary.*

You may appeal this decision by requesting a formal hearing before a hearing panel appointed by the VSP Quality Care Committee. If you submit a written request within thirty (30) days of your receipt of this letter, the hearing will take place on Thursday, November 6, 2003, at VSP Corporate Headquarters in Rancho Cordova, California. Your request for appeal must be addressed to the VSP Board of Directors and sent to the attention of Diane Lloyd at VSP. If you would like to participate by telephone conference call, please so indicate in your written request and provide a telephone number where you are to be reached the date of the hearing. Should you fail to request this hearing within thirty (30) days you will forfeit any further appeal rights and VSP's decision to terminate your membership will become final effective October 2, 2003. If you request, then fail to participate in the hearing, you will also forfeit any right to appeal this decision.

A 12

Nichols Optical, Inc.,
September 2, 2003
Page Two


Your hearing rights are set forth in the attached VSP Peer Review Plan and Fair Hearing Procedure. Please note that if required by state or federal law, VSP will report your removal from membership to the appropriate state licensing authority and/or the National Practitioner Data Bank.

If you require additional information, please contact Diane Lloyd at 916-851-5071, or e-mail at dianll@VSP.com.

Cordially,

*Denis Humphrey, OD*

DENIS HUMPHREYS, OD
Optometry Director

DH/jc


Enclosed:     VSP Peer Review Plan and Fair Hearing Procedure

A13



HEARING PANEL APPOINTED BY
THE QUALITY MANAGEMENT COMMITTEE

**JULY 30, 2003**
INFORMAL HEARING OF: **ELIZABETH NICHOLS, OD; DAVID CANNON, OD**
**GERALD SKIBA II, OD; KELLY BULOW, OD**
**PATRICK RUGGLES, OD; JULIE RUNSTROM, OD**
**TRAVERSE CITY, MI**

## SUMMARY

**I. ISSUES**
This hearing concerns Dr. Nichols's, Dr. Cannon's and Dr. Skiba II, lack of complete control over all aspects of their practice, including the dispensary. Lack of ownership and control constitutes a breach of Condition "C" and "E" of the Member Doctor Agreement and Number 7 of the Member Doctor Office Standards, thereby providing sufficient grounds for removal from membership (see pages 185-188, 192). In addition, the association of Dr. Bulow, Dr. Ruggles and Dr. Runstrom with Dr. Nichols, Dr. Cannon and Dr. Skiba II, constitutes a breach of Condition "C" of the Member Doctor Agreement, thereby providing sufficient grounds for removal from membership (see pages 189-191).

**II. FACTS**
In November of 2002, it came to VSP's attention that Gary Mellon, OD, one of the owners of Nichols Optical, Inc. had left the practice.

In correspondence dated November 5, 2002, VSP requested a copy of the latest franchise agreement between Nichols Optical, Inc. and PVI. VSP had determined the original franchise agreement became invalid or needed review due to a change in ownership (see page 184).

In correspondence dated November 20, 2002, Dr. Nichols provided VSP with the most current franchise agreement between Nichols Optical, Inc. and PVI (see page 28).

On June 13, 2002, Nichols Optical, Inc. franchise agreement with Pearle Vision, Inc. (PVI) was reviewed. Although, the Agreement states that the Franchisee is an independent contractor, it further states that the management and operation of the business is subject to express standards, specifications and procedures contained in the Agreement. From the requirements, above, PVI appears to hold substantial control over the operation and management of practice. Thus, it appears that Nichols Optical, Inc., lacks complete control over all aspects of the practice, including the dispensary (see pages 28-183).

VSP notified all subject doctors of its opinion by letters dated January 9, 2003 (see pages 16-27).

## III. DOCTOR'S POSITION

In a letter dated January 21, 2003, Dr. Nichols, Dr. Cannon, Dr. Skiba II, Dr. Bulow, Dr. Ruggles and Dr. Runstrom requested an Informal Hearing to appeal the decision to remove them from membership (see pages 10-15).

On February 3, 2003, in a letter to VSP, Nichol's Optical, Inc. attorney, Eric Karp, requested an Informal Hearing to appeal the decision to remove the doctors from membership. In addition, Mr. Karp attached a list of discovery demands requesting documents and information (see pages 5-9). On May 28, 2003 VSP provided Mr. Karp with a response to his request  (see pages 1-4).

## IV. VSP CONCLUSION

Based upon the above facts, Dr. Nichols, Dr. Cannon and Dr. Skiba II are in violation of VSP's policy requiring that a VSP member doctor shall have majority ownership and complete control of all aspects of their practice including the dispensary.   In correspondence dated January 9, 2003, Dr. Nichols, Dr. Cannon and Skiba II were notified of their removal from membership (see pages16-21).   Their associates, Dr. Bulow, Dr. Ruggles and Dr. Runstrom are in violation of Condition "C" and were notified of their removal from membership on January 9, 2003 (see pages 22-27).



NOV 2 5 2003

*Sent Certified Mail, Return Receipt Requested*

November 18, 2003

Nichols Optical, Inc.
Elizabeth Nichols, O.D.
3200 S. Airport Road, West # 146
Traverse City, MI 49684

## RE: DAVID CANNON, O.D., GERALD SKIBA, O.D., KELLY BULOW, O.D., PATRICK RUGGLES, O.D., JULIE RUNDSTROM, O.D.

### *Result of Formal Hearing before VSP's Quality Care Committee*

Dear Dr. Nichols,

Thank you for participating in the Formal Hearing of your request on November 6, 2003, before Vision Service Plan's (VSP) Quality Care Committee Hearing Panel. The Hearing Panel has carefully reviewed and considered the following information:

1. The conclusions reached by the VSP Quality Management Committee, following your Informal Hearing of July 30, 2003

2. All documentary evidence submitted in the Formal Hearing Packet and addendum

3. Your testimony given on November 6, 2003 before the VSP Quality Care Committee

Based upon the evidence presented, the Hearing Panel has made the final determination that:

♦ *Documentation received by VSP during the change of ownership, as requested by Gary Mellon, O.D. in November 2002, contained an associated franchise agreement with Pearle Vision, Inc., executed in January of 1998. This agreement violates Condition "E" of the Member Doctor Agreement, which concerns ownership and control of the Member Doctor's practice, including dispensary.*

♦ *No new information was presented as evidence of a change in the PVI agreement and/or their control of Nichols Optical, Inc.*

Accordingly, the Hearing Panel has confirmed the VSP Optometry Director's decision to *remove* you from membership.

3333 QUALITY DRIVE, RANCHO CORDOVA, CA 95670-7985
VISIT OUR WEB SITE AT VSP.COM

*Passion for people. Vision for life.*



November 18, 2003
Elizsabeth Nichols, O.D.
Page Two

You are granted until December 30th, 2003, to complete any existing VSP cases in progress. Claims with a date of service of December 31, 2003, or thereafter, will no longer be paid to you directly.

Please be advised, however, that your name will continue to appear in the printed member list until the next printing. As VSP patients schedule appointments, you are required to advise them that you no longer provide care as a VSP member doctor.

You are further advised that, under no circumstances will VSP, or the VSP covered patient, be liable for the payment of charges incurred without the patient's prior knowledge of the doctor's non-member status.

Effective December 31, 2003, you will no longer be able to submit claims electronically to VSP for prior dates of service. Any paper claims you submit beginning December 31, 2003, may be assessed a $2-per-claim charge, per VSP's policy.

If any changes occur in your situation that would make you consider yourself eligible, you may re-apply for membership. There is no guarantee, however, that your application for membership will be approved and you will be charged a $450.00 application fee for this process.

If you require additional assistance, please contact Diane Parenti at (800) 852-7600, extension 5071.

Sincerely,

James Short, OD
Hearing Panel Chair

JS/dp

Cc: Eric Karp, Esq. /WITMER, KARP & WARNER

#524



March 12, 2003

Eric Siesel, O.D.
2239 Ashmun Street
Sault Sainte Marie, MI  49783

Dear Dr. Siesel:

It was recently brought to our attention that you operate a Pearle Vision franchise at the above location. After careful review of your franchise agreement with Pearle Vision it was determined that you do not have complete control over all aspects of your practice, including the dispensary.

Condition "D" of the Member Doctor Agreement states: *"Member Doctor shall provide complete Vision Care Service on all premises occupied by Member Doctor for the practice of optometry or ophthalmology. Member Doctor shall maintain the ability on all premises to provide a comprehensive level of vision service, shall provide dispensing services, and shall supply ophthalmic materials."*

Condition "E" of the Member Doctor Agreement states: *"Ownership and control of a Member Doctor's practice, including dispensary, is essential for VSP membership. Member Doctor shall have, or be employed by another VSP Member Doctor who has majority ownership and complete control of all aspects of his/her practice including dispensary.*

As you no longer meet Condition "D" and "E" of the Member Doctor Agreement, it is necessary to remove you from membership with all VSP programs. You have until May 11, 2003 to complete any VSP cases in progress. Claims with a date of service of May 12, 2003 or later will no longer be paid directly to you.

Effective May 12, 2003, you will no longer be able to submit claims electronically to VSP. Paper claims you submit beginning May 12, 2003 may be assessed a $2-per-claim charge, per VSP's policy.

Your name will continue to appear on the Member Doctor list until the next printing. As VSP patients schedule appointments, they should be advised that you no longer provide care as a VSP doctor. VSP and the Enrollee are not liable for payment of charges incurred without the patient's prior knowledge of your non-member status.



VISION SERVICE PLAN
EASTERN OPERATIONS CENTER. 3400 MORSE CROSSING, COLUMBUS, OHIO  43219
TEL: 614.471.7511   800.462.7009   FAX: 614.428.6278
VISIT OUR WEB SITE AT WWW.VSP.COM

315

Confidential For Attorney's Eyes Only

002020

Eric Siesel, O.D.
March 12, 2003
Page Two

You may appeal this decision by requesting to participate in a hearing with a hearing panel appointed by the VSP Corporate Quality Management Committee. If you wish to appeal, please notify Becky Benjamin, in writing, at 3400 Morse Crossing, Columbus, OH 43219.

If you fail to request this hearing within thirty (30) days of your receipt of this letter, you will forfeit your appeal rights. If you request, then fail to participate in the hearing, you will also forfeit any further right to appeal this decision.

If any changes occur in your situation that would make you consider yourself eligible, you may reapply for membership. You will be subject to a $450.00 reapplication fee. There is no guarantee that your application for membership will be approved.

If you have any questions, please contact Becky Benjamin in our Network Management Unit at (800) 462-7009, ext. 274.

Cordially,

DENIS HUMPHREYS, O.D.
Optometry Director

DH/bb

315

Confidential For Attorney's Eyes Only

002021



September 2, 2003


Eric Siesel, O.D.
2239 Ashmun Street
Sault Sainte Marie, MI 49783


Dear Dr. Siesel,

The Quality Management Committee of Vision Service Plan has made its recommendations following your recent VSP hearing. After careful review and consideration of the Committee's recommendations, I have decided to uphold the initial decision to terminate your VSP membership.

My decision is based upon the following:

*Your agreement with Pearle Vision fails to show complete control of the optical dispensary.  This is a violation of Condition "E" of the Conditions of Membership contained in the VSP Member Doctor Agreement, which requires ownership and control of the Member Doctor's practice, including dispensary.*

You may appeal this decision by requesting a formal hearing before a hearing panel appointed by the VSP Quality Care Committee.  If you submit a written request within thirty (30) days of your receipt of this letter, the hearing will take place on Thursday, November 6, 2003, at VSP Corporate Headquarters in Rancho Cordova, California.  Your request for appeal must be addressed to the VSP Board of Directors and sent to the attention of Diane Lloyd at VSP.  If you would like to participate by telephone conference call, please so indicate in your written request and provide a telephone number where you are to be reached the date of the hearing.  Should you fail to request this hearing within thirty (30) days you will forfeit any further appeal rights and VSP's decision to terminate your membership will become final effective October 2, 2003.  If you request, then fail to participate in the hearing, you will also forfeit any right to appeal this decision.

Eric Siesel, O.D.
September 2, 2003
Page Two

Your hearing rights are set forth in the attached VSP Peer Review Plan and Fair Hearing Procedure.

If you require additional information, please contact Diane Lloyd at 916-851-5071, or e-mail at dianll@VSP.com.

Cordially,

DENIS HUMPHREYS, OD
Optometry Director

DH/jc

Enclosed:      VSP Peer Review Plan and Fair Hearing Procedure



HEARING PANEL APPOINTED BY
THE QUALITY MANAGEMENT COMMITTEE

**JULY 30, 2003**
INFORMAL HEARING OF:  **ERIC SIESEL, OD**
                      **SAULT SAINTE MARIE, MI**

### SUMMARY

### I. ISSUES
This hearing concerns Dr. Siesel's lack of complete control over all aspects of his practice, including the dispensary. Lack of ownership and control constitutes a breach of Condition "D" and "E" of the Member Doctor Agreement, thereby providing sufficient grounds for removal from membership (see page 128).

### II. FACTS
In February of 2003, it was brought to VSP attention that Dr. Siesel, an employee of Nichols Optical, Inc., at 2239 Ashmun Street, Sault Sainte Marie, MI, purchased the practice, and ventured into a business agreement with Pearle Vision, Inc.

On February 13, 2003, Dr. Siesel's franchise agreement with Pearle Vision, Inc. (PVI) was reviewed. Although the Agreement states that the Franchisee is an independent contractor, it further indicates that the management and operation of the business is subject to express standards, specifications and procedures contained in the Agreement. From the requirements, above, PVI appears to hold substantial control over the operation and management of practice. Thus, it appears that Dr. Siesel, through Eric J. Siesel O.D. PC, lacks complete control over all aspects of the practice, including the dispensary (see pages 14-127).

VSP verified Dr. Siesel of its opinion by letter dated March 12, 2003 (see pages 12-13).

### III. DOCTOR'S POSITION
In a letter dated March 17, 2003, Dr. Siesel, requesed an Informal Hearing to appeal the decision to remove him from membership (see page 11).

On May 6, 2003, in a letter to VSP, Dr. Siesel's attorney, Eric Karp, requested an Informal Hearing to appeal the decision to remove Dr. Siesel from membership. In addition, Mr. Karp attached a list of discovery demands requesting documents and information  (see pages 5-11). On May 28, 2003 VSP provided Mr. Karp with a response to his request (see pages 1-4).

## IV. VSP CONCLUSION

Base upon the above facts, Dr. Siesel is in violation of VSP's policy requiring that a VSP member doctor shall have majority ownership and complete control of all aspects of their practice including the dispensary (see page 128).  In correspondence dated March 12, 2003, Dr. Siesel was notified of his removal from membership (see pages 12-13).

July 16, 2004


RANDY WATSKY, O.D.
8709 West Grand River, Suite A
Brighton, MI 48116-2904

Dear Dr. Watsky:

Vision Service Plan ("VSP") was founded in the belief that patients' interests are best served by the independent eyecare professional. This is the cornerstone of VSP's operational philosophy. Member Doctors may not be affiliated, contractually or otherwise, with chain, franchise, or other retail-type vision care entities. VSP recently completed a review of documentation received regarding your practice and as it relates to VSP membership philosophy and criteria. Based upon that review, it was determined that you do not meet all requisite requirements, including, but not limited to, complete control over all aspects of your practice, including dispensary. This is a violation of certain terms and conditions stated in the VSP Member Doctor Agreement.

Condition "E" of the Member Doctor Agreement states: *"Ownership and control of a Member Doctor's practice, including dispensary, is essential for VSP membership. Member Doctor shall have, or be employed by another VSP Member Doctor who has majority ownership and complete control of all aspects of his/her practice including dispensary."*

Number 7 of the Member Doctor Office Standards, also states, in pertinent part: *"All VSP member doctors will provide and have ownership and control of dispensing services...."*

Based upon the foregoing, it would also appear that the following provisions of the VSP Member Doctor Agreement are applicable to this situation:

Condition "C" of the Member Doctor's Agreement states: *"Each optometrist and ophthalmologist providing primary eyecare and routine vision care in any office of Member Doctor must be an authorized Member Doctor, all offices of Member Doctor must qualify as VSP offices, and all Vision Care Services furnished to each VSP Patient by Member Doctor must be rendered in VSP qualified offices."*

Section B, number 18, states, in pertinent part: *"That all of the points in this Agreement, as well as the published VSP Articles, VSP Provider Reference Manual, standards..., rules..., together with amendments thereto, shall constitute the entire Agreement between Member Doctor and VSP...,"*

Section B, number 19, also states, in pertinent part: *"That either party may terminate this Agreement by giving the other party at least ninety (90) days prior written notice. Save and except, however, VSP may terminate this Agreement immediately if Member Doctor fails to comply with VSP policies, rules, procedures and guidelines."*

PLAINTIFF'S
EXHIBIT NO. 15
FOR IDENTIFICATION
DATE 7/16 RPTR: JC
PENGAD 800-631-6989

831 1/13/2004

RANDY WATSKY, O.D.
July 16, 2004
Page Two

Furthermore, Section B, number 20, also states, in pertinent part, Member Doctor agrees: *"To comply with all VSP policies, rules, procedures and guidelines."*

Because you do not comply with VSP's membership criteria, you are being removed from VSP's panel of member doctors.  You have until **September 16, 2004**, to complete any existing VSP cases in progress.  Claims with a date of service of **September 17, 2004**, or later will no longer be paid directly to you.

Effective **September 17, 2004**, VSP will no longer accept electronic claims from you.  Paper claims submitted from you beginning **September 17, 2004**, will be assessed a $2.50-per-claim charge, per VSP's policy.

Your name will continue to appear on the Member Doctor list only until the next printing, at which time it will be removed.  As VSP patients schedule appointments, they should be advised that you no longer provide care as a VSP member doctor.  Neither VSP, nor the Enrollee will be liable for payment of any charges incurred without the patient's prior knowledge of the fact that you are no longer a VSP member doctor.

You may appeal this decision by requesting a hearing before a panel appointed by the VSP Quality Management Committee. If you wish to appeal this decision, please notify **Brenda J. Smith**, the Appeals & Hearings Coordinator, in writing, at 3333 Quality Drive, Rancho Cordova, CA 95670.

If you fail to request such hearing within thirty (30) days of your receipt of this letter, your appeal rights will be forfeited. In addition, the failure to participate in a scheduled hearing following such request will also be grounds for forfeiture of any further right to appeal this decision.

In the future, if you believe that your situation has changed, you may reapply for membership. In such event, you will be subject to a $450.00 reapplication fee. There is no guarantee, however, that any such application for membership will be approved.

If you have any questions, you may contact Marsha Baker at (800) 462-7009, ext. 223.

Sincerely,

*Denis Humphreys, O.D.*

DENIS HUMPHREYS, O.D.
Optometry Director

DH/mb

3

July 16, 2004

RANDY WATSKY, O.D.
8709 West Grand River, Suite A
Brighton, MI 48116-2904

Dear Dr. Watsky:

Vision Service Plan ("VSP") was founded in the belief that patients' interests are best served by the independent eyecare professional. This is the cornerstone of VSP's operational philosophy. Member Doctors may not be affiliated, contractually or otherwise, with chain, franchise, or other retail-type vision care entities. VSP recently completed a review of documentation received regarding your practice and as it relates to VSP membership philosophy and criteria. Based upon that review, it was determined that you do not meet all requisite requirements, including, but not limited to, complete control over all aspects of your practice, including dispensary. This is a violation of certain terms and conditions stated in the VSP Member Doctor Agreement.

Condition "E" of the Member Doctor Agreement states: *"Ownership and control of a Member Doctor's practice, including dispensary, is essential for VSP membership. Member Doctor shall have, or be employed by another VSP Member Doctor who has majority ownership and complete control of all aspects of his/her practice including dispensary."*

Number 7 of the Member Doctor Office Standards, also states, in pertinent part: *"All VSP member doctors will provide and have ownership and control of dispensing services...."*

Based upon the foregoing, it would also appear that the following provisions of the VSP Member Doctor Agreement are applicable to this situation:

Condition "C" of the Member Doctor's Agreement states: *"Each optometrist and ophthalmologist providing primary eyecare and routine vision care in any office of Member Doctor must be an authorized Member Doctor, all offices of Member Doctor must qualify as VSP offices, and all Vision Care Services furnished to each VSP Patient by Member Doctor must be rendered in VSP qualified offices."*

Section B, number 18, states, in pertinent part: *"That all of the points in this Agreement, as well as the published VSP Articles, VSP Provider Reference Manual, standards..., rules..., together with amendments thereto, shall constitute the entire Agreement between Member Doctor and VSP...,"*

Section B, number 19, also states, in pertinent part: *"That either party may terminate this Agreement by giving the other party at least ninety (90) days prior written notice. Save and except, however, VSP may terminate this Agreement immediately if Member Doctor fails to comply with VSP policies, rules, procedures and guidelines."*

PLAINTIFF'S
EXHIBIT NO. HUMPHRIES 15
FOR IDENTIFICATION
DATE 1/05  RPTR: SC
PENGAD 800-631-6989

831 1/13/2004

RANDY WATSKY, O.D.
July 16, 2004
Page Two

Furthermore, Section B, number 20, also states, in pertinent part, Member Doctor agrees: *"To comply with all VSP policies, rules, procedures and guidelines."*

Because you do not comply with VSP's membership criteria, you are being removed from VSP's panel of member doctors. You have until **September 16, 2004,** to complete any existing VSP cases in progress. Claims with a date of service of **September 17, 2004,** or later will no longer be paid directly to you.

Effective **September 17, 2004,** VSP will no longer accept electronic claims from you. Paper claims submitted from you beginning **September 17, 2004,** will be assessed a $2.50-per-claim charge, per VSP's policy.

Your name will continue to appear on the Member Doctor list only until the next printing, at which time it will be removed. As VSP patients schedule appointments, they should be advised that you no longer provide care as a VSP member doctor. Neither VSP, nor the Enrollee will be liable for payment of any charges incurred without the patient's prior knowledge of the fact that you are no longer a VSP member doctor.

You may appeal this decision by requesting a hearing before a panel appointed by the VSP Quality Management Committee. If you wish to appeal this decision, please notify **Brenda J. Smith**, the Appeals & Hearings Coordinator, in writing, at 3333 Quality Drive, Rancho Cordova, CA 95670.

If you fail to request such hearing within thirty (30) days of your receipt of this letter, your appeal rights will be forfeited. In addition, the failure to participate in a scheduled hearing following such request will also be grounds for forfeiture of any further right to appeal this decision.

In the future, if you believe that your situation has changed, you may reapply for membership. In such event, you will be subject to a $450.00 reapplication fee. There is no guarantee, however, that any such application for membership will be approved.

If you have any questions, you may contact Marsha Baker at (800) 462-7009, ext. 223.

Sincerely,

*Denis Humphreys, od.*

DENIS HUMPHREYS, O.D.
Optometry Director

DH/mb



HEARING PANEL APPOINTED BY
THE QUALITY MANAGEMENT COMMITTEE

**OCTOBER 13, 2004**
INFORMAL HEARING OF:  **RANDY WATSKY, OD**
**BRIGHTON, MI**

## SUMMARY

## II. ISSUES
This hearing concerns the removal of Dr. Watsky pursuant to Section B, number 19 of the Member Doctor Agreement (see page 62). Determination was made by VSP that Dr. Watsky lacks complete control over all aspects of his practice, including the dispensary. Lack of ownership and/or control constitutes a breach of Condition "E", of the Member Doctor Agreement and Number 7 of the Member Doctor Office Standards, thereby providing sufficient grounds for removal from membership (see pages 64-66). In addition, based upon the foregoing, it would also appear that the following provisions, Condition "C" and Section B, numbers 18 and 20, of the Member Doctor Agreement are applicable to this situation, thereby providing further grounds for removal from membership (see pages 62-64).

## II. FACTS
It was brought to VSP's attention that Dr. Watsky is a party to a Franchise Agreement with D.O.C. Optics Corporation.

VSP requested sufficient documentation, so that a determination could be made regarding Dr Watsky's business arrangement D.O.C. Optics Corporation.

On April 6, 2004, Dr. Watsky's Franchise Agreement with D.O.C. Optics Corporation was reviewed. Based thereon, it appears, that Dr. Watsky fails to exhibit majority ownership and/or complete control over all aspects of the practice, including the dispensary (see pages 4-61).

VSP notified Dr. Watsky of its opinion by letter dated July 16, 2004 (see pages 2-3).

## III. DOCTOR'S POSITION
On August 18, 2004, in a letter to VSP, Dr. Watsky, requested an Informal Hearing to appeal the decision to remove him from membership (see page 1).

## IV. VSP CONCLUSION
Based upon the above facts, Dr. Watsky is in violation of VSP's policy that a VSP member doctor shall meet all requisite requirements, including, but not limited to, complete control of all aspects of his practice, including the dispensary. In correspondence dated July 16, 2004, Dr. Watsky was notified of his removal from membership (see pages 2-3).



November 23, 2004


Randy Watsky, O.D.
8709 W. Grand River, Ste. A
Brighton, MI

RE:   **Result of Informal Hearing before VSP's Quality Management Committee**

Dear Doctor,

Thank you for participating in the Informal Hearing of your request on October 13, 2004, before Vision Service Plan's (VSP) Quality Management Committee.   The Hearing Panel has carefully reviewed and considered the following information:

1.  All documentary evidence submitted in the Informal Hearing Packet

2.  Your testimony given on October 13, 2004, before the VSP Quality Management Committee

Based upon the evidence presented, the Hearing Panel has made the final determination that:

- *"VSP was founded in the belief that patients' interests are best served by the independent eye care professional. This is the cornerstone of VSP's operational philosophy. Member Doctors may not be affiliated, contractually or otherwise, with chain, franchise or other retail-type vision care entities."*

- The agreement between you and D.O.C. Optics Corporation violates, among other things, Conditions "C" and "E", Section B, numbers 5, 18, and 20, of the Member Doctor Agreement, which concerns ownership and control of the Member Doctor's practice, including dispensary.

Accordingly, the Hearing Panel has upheld the decision to *remove* you from membership.

You may appeal this decision by requesting a formal hearing before a hearing panel appointed by the VSP Quality Care Committee. A written request to appeal this decision must be received within thirty (30) days of your receipt of this letter, at VSP Corporate Headquarters in Rancho Cordova, California.

3333 QUALITY DRIVE, RANCHO CORDOVA, CA 95670-7985
VISIT OUR WEB SITE AT VSP.COM





Randy Watsky, O.D.
November 23, 2004
Page Two


Your request for appeal must be addressed to the VSP Board of Directors and sent to the attention of Diane Parenti at VSP.  If you would like to participate by telephone conference call, please so indicate in your written request and provide a telephone number where you are to be reached the date of the hearing.

Should you fail to request this hearing within thirty (30) days you will forfeit any further appeal rights and VSP's decision to terminate your membership will become final effective **December 31, 2004.**  If you request, then fail to participate in the hearing, you will also forfeit any right to appeal this decision.

Your hearing rights are set forth in the attached VSP Peer Review Plan and Fair Hearing Procedure. Please note that if required by state or federal law, VSP will report your removal from membership to the appropriate state licensing authority and/or the National Practitioner Data Bank.

If you require additional information, please contact Diane Parenti at 916-851-5071, or e-mail at dianpa2@VSP.com.

Cordially,

DENIS HUMPHREYS, OD
Optometry Director

DH/dp


Enclosed: VSP Peer Review Plan and Fair Hearing Procedure
cc: Eric Karp, Esq.
    WITMER, KARP & WARNER LLP
    22 Batterymarch Street
    Boston, MA 02109



MAR 2 1 2005

March 15, 2005

Randy Watsky, O.D.
8709 W. Grand River, Ste. A
Brighton, MI 48116

**RE:** *Result of Formal Hearing before VSP's Quality Care Committee*

Dear Dr. Watsky,

Thank you for participating in the Formal Hearing of your request on February 25, 2005, before Vision Service Plan's (VSP) Quality Care Committee Hearing Panel. The Hearing Panel has carefully reviewed and considered the following information:

1. All documentary evidence submitted in the Formal Hearing Packet and addendum; and

2. All relevant testimony given on February 25, 2005, before the VSP Quality Care Committee.

Based upon the evidence received and admitted, the Hearing Panel has made the finding and determination that:

A. The VSP Member Doctor Agreement provides, at Section B, paragraph 19, *"That either party may terminate this Agreement by giving the other party at least ninety (90) days prior written notice."* Based thereon, VSP timely notified you of its election to so terminate the relationship with you pursuant to the referenced provision.

B. Based on the preceding, further findings and determination by this Panel is not necessary. Notwithstanding, and for informational purposes, this Panel also finds,

- "VSP was founded in the belief that patients' interests are best served by the independent eye care professional. This is the cornerstone of VSP's operational philosophy." Your practice does not comport with VSP's preferred business model.
- *You lack requisite ownership and/or complete control over all aspects of the practice, including the dispensary, in violation of Condition "C", "E" and/or "F" and Section B, numbers 18 and 20, of the Member Doctor Agreement, in addition to Number 7 of the Member Doctor Office Standards.*

Accordingly, the Hearing Panel has confirmed the VSP Optometry Director's decision to **remove** you from membership pursuant to Section B.19 of the VSP Member Doctor Agreement, whereby either party may terminate the relationship by giving the other at least ninety (90) days prior written notice. This result letter shall further serve to satisfy such notice requirement.

Randy Watsky, O.D.
March 15, 2005
Page Two

You are granted until **June 20, 2005 (90 days)**, to complete any existing VSP cases in progress. Claims with a date of service *on or after the above stated date*, will no longer be paid to you directly.

Please be advised, however, that your name will continue to appear in the printed member list until the next printing. As VSP patients schedule appointments, you are required to advise them that you no longer provide care as a VSP member doctor.

You are further advised that, under no circumstances will VSP, or the VSP covered patient, be liable for the payment of charges incurred without the patient's prior knowledge of the doctor's non-member status.

Effective June 20, 2005, *as stated previously*, you will no longer be able to submit claims electronically to VSP for prior dates of service. Any paper claims you submit beginning June 21, 2005, as stated above, may be assessed a $2-per claim charge, per VSP policy.

If any changes occur in your situation that would make you consider yourself eligible, you may re-apply for membership. There is no guarantee, however, that your application for membership will be approved and you will be charged a $450.00 application fee for this process.

If you require additional assistance, please contact Diane Parenti at (800) 852-7600, extension 5071.

Sincerely,

G. Kenneth Johnson, O.D.
Hearing Panel Chair

GKJ/dp

cc: WITMER, KARP & WARNER, LLP
    22 Batterymarch Street
    Boston, MA 02109

October 26, 1995

Dr. Douglas Schneider
1933 N. Mitchell
Cadillac, MI  49601

Dear Dr. Schneider:

We have received and carefully reviewed your application for re-enrollment with Vision
Service Plan.  Unfortunately, you do not currently meet all of VSP's criteria for membership
in that you do not have majority ownership and control of the dispensing facility in your
office.

However, because we value your VSP membership and because we understand the difficulties
associated with immediate compliance, the VSP Board of Directors has decided to make a
special accommodation for you and continue your membership with respect to VSP's Standard
Plan with the following criteria:

- You will be permitted to retain your VSP panel membership, so long as you remain
  employed by your present employer, practice at your present location and meet all other
  VSP rules and regulations.

- You will not be permitted to participate in VSP's optional plans, including the Regional
  Network, Value, Access, Medicaid, and Managed Eyecare Plans until you fully meet all
  VSP Panel Membership criteria.

Should you have any questions, please call Professional Relations at (800) 462-7009.

Sincerely,

DENIS HUMPHREYS, Chairman
Vision Service Plan Board of Directors

DH/dml



Confidential For Attorney's Eyes Only

003068

FROM : NUVISION1252    PHONE NO. : 6167756648    Nov. 29 2004 01:04PM  P02



November 24, 2004

DOUGLAS SCHNEIDER, O.D.
1933 N. Mitchell St.
Cadillac, MI 49601 1139

Dear Dr. Schneider:

Vision Service Plan ("VSP") was founded in the belief that patients' interests are best served by the independent eyecare professional. This is the cornerstone of VSP's operational philosophy. VSP makes every reasonable effort to assure that its Member Doctors are not affiliated, contractually or otherwise, with a retail-commercial chain or franchise vision care entity.

VSP recently completed a review of documentation received regarding your practice as it relates to the VSP membership philosophy. Based upon your affiliation with **Pearle Vision, Inc.,** we have concluded that your practice does not comport with our preferred model.

Your agreement with VSP provides, at Section B, Number 19, that either party may terminate the relationship by giving the other party at least ninety (90) days prior written notice.  VSP hereby elects to so terminate its relationship with you.

You have until **February 24, 2005,** to complete any existing VSP cases in progress.  Claims with a date of service of **February 25, 2005,** or later will no longer be paid directly to you.

Effective **February 25, 2005,** VSP will no longer accept electronic claims from you.  Paper claims submitted from you beginning **February 25, 2005,** will be assessed a $2.50-per-claim charge, per VSP's policy.

Your name will continue to appear on the Member Doctor list only until the next printing, at which time it will be removed.  As VSP patients schedule appointments, they should be advised that you no longer provide care as a VSP member doctor.  Neither VSP, nor the Enrollee, will be liable for payment of any charges incurred without the patient's prior knowledge of the fact that you are no longer a VSP member doctor.

You may appeal this decision by requesting a hearing before a panel appointed by the VSP Quality Management Committee.  If you wish to appeal this decision, please notify **Brenda Monica,** the Appeals & Hearings Coordinator, in writing, at 3333 Quality Drive, Rancho Cordova, CA 95670.

FROM : NUVISION1252                    PHONE NO. : 6167756648      Nov. 29 2004 01:05PM P03

DOUGLAS SCHNEIDER, O.D.
November 24, 2004
Page Two

If you fail to request such hearing within thirty (30) days of your receipt of this letter, your appeal rights will be forfeited. In addition, the failure to participate in a scheduled hearing following such request will also be grounds for forfeiture of any further right to appeal this decision.

In the future, if you believe that your situation has changed, you may reapply for membership. In such event, you will be subject to a $450.00 non-refundable reapplication fee. There is no guarantee, however, that any such application for membership will be approved.

If you have any questions, you may contact Jeff Vellenga at (800) 462-7009, ext. 224.

Cordially,

DENIS HUMPHREYS, O.D.
Optometry Director

DH/jv

831 1/13/2004



HEARING PANEL APPOINTED BY
THE QUALITY MANAGEMENT COMMITTEE

**FEBRUARY 23, 2005**
INFORMAL HEARING OF:    **DOUGLAS SCHNEIDER, O.D.**
                          **CADILLAC, MI**

### SUMMARY

## I. ISSUES
This hearing concerns VSP's determination to remove Dr. Schneider from panel membership. Section B, number 19 of the Member Doctor Agreement provides, in part, "That either party may terminate this Agreement by giving the other party at least ninety (90) days prior written notice." (see page 92). VSP made such election to terminate the relationship pursuant to this provision.

Although a finding of cause is not necessary, VSP determined Dr. Schneider's practice does not comport with VSP's preferred business model, and therefore, does not meet VSP membership criteria (see pages 2-3, 89-95).

Vision Service Plan ("VSP") was founded on the belief that patients' interests are best served by the independent eyecare professional. This is the cornerstone of VSP's operational philosophy. Member Doctors may not be affiliated, contractually or otherwise, with retail-commercial chain or franchise vision care entities (see page 96).

## II. FACTS
In September of 2003, during the recredentialing process, it was brought to VSP's attention that Dr. Schneider is a party to a Franchise Agreement with Pearle Vision, Inc. (see pages 87-88).

In October of 2003, VSP requested documentation, so that a determination could be made regarding Dr. Schneider's business arrangement with Pearle Vision, Inc. (see page 86).

In July of 2004, Dr. Schneider's information was reviewed. Based thereon, it appears, that Dr. Schneider fails to exhibit requisite ownership and/or complete control over all aspects of the practice, including dispensary (see pages 4-85).

VSP notified Dr. Schneider, of its opinion by letter dated November 24, 2004 (see pages 2-3).

## III. DOCTOR'S POSITION
On December 23, 2004, in a letter to VSP, Dr. Schneider, requested an Informal Hearing to appeal the decision to remove him from membership (see page 1).

**IV. VSP CONCLUSION**
VSP completed a review of documentation received regarding the practice of Dr. Schneider, as that practice relates to the VSP membership philosophy. Based upon the affiliation of Dr. Schneider with Pearle Vision, Inc., VSP concluded that the practice does not comport with its preferred model. In correspondence dated November 24, 2004, Dr. Schneider was notified of his removal from membership (see pages 2-3).

APR - 4 2005



March 28, 2005

Donald Schneider, O.D.
1933 N. Mitchell Street
Cadillac, MI 49601

RE: *VSP's Quality Management Committee Decision*

Dear Doctor,

Thank you for participating in the Informal Hearing of your request on February 9, 2005, before Vision Service Plan's (VSP) Quality Management Committee Hearing Panel. The Hearing Panel has carefully reviewed and considered the following information:

1. All documentary evidence submitted in the Hearing Packet and addendum; and

2. All relevant testimony given on February 9, 2005, before the VSP Quality Management Committee.

Based upon the evidence presented, the Hearing Panel has made the determination that:

A. The VSP Member Doctor Agreement provides, at Section B, paragraph 19, *"That either party may terminate this Agreement by giving the other party at least ninety (90) days prior written notice."* Based thereon, VSP timely notified you of its election to so terminate the relationship with you pursuant to the referenced provision.

B. Based on the preceding, further findings and determination by this Panel are not necessary. Notwithstanding, and for informational purposes, this Panel also finds,

• *Lack of ownership and/or complete control over all aspects of the practice, including the dispensary is in violation of Condition "C" and "E" of the Member Doctor Agreement, Section B, numbers 18 and 20, in addition to Number 7 of the Member Doctor Office Standards*

"VSP was founded in the belief that patients' interests are best served by the independent eye care professional. This is the cornerstone of VSP's operational philosophy."

Accordingly, the Hearing Panel has confirmed the VSP Optometry Director's decision to *remove* you from membership pursuant to Section B.19 of the Member Doctor Agreement, whereby either party may terminate the relationship by giving the other at least ninety (90) days prior written notice. This result letter shall serve to satisfy such notice requirement.

Donald Schneider, O.D.
March 28, 2005
Page Two

You may appeal this decision by requesting a formal hearing before a hearing panel appointed by the VSP Quality Care Committee. A written request to appeal this decision must be received within thirty (30) days of your receipt of this letter, at VSP Corporate Headquarters in Rancho  *5/4/0* Cordova, California.

Your request for appeal must be addressed to the VSP Board of Directors and sent to the attention of Diane Parenti at VSP. If you would like to participate by telephone conference call, please so indicate in your written request and provide a telephone number where you are to be reached the date of the hearing.

Should you fail to request this hearing within thirty (30) days you will forfeit any further appeal rights and VSP's decision to terminate your membership will become final effective **July 1, 2005**. If you request, then fail to participate in the hearing, you will also forfeit any right to appeal this decision.

Your hearing rights are set forth in the attached VSP Peer Review Plan and Fair Hearing Procedure.

If you require additional information, please contact Diane Parenti at 916-851-5071, or e-mail at dianpa2@VSP.com.

Cordially,

*Denis Humphreys, OD*

DENIS HUMPHREYS, OD
Optometry Director

DH/dp


Enclosed: VSP Peer Review Plan and Fair Hearing Procedure

Cc: Eric Karp, Esq.
    WITMER, KARP & WARNER, LLP
    22 Battermarch Street
    Boston, MA 02109

August 6, 2004



SHANNON D. FOWLER, O.D.
4418 Commons Dr. E., Ste. A
Destin, FL 32541-8406

PLAINTIFF'S
EXHIBIT NO. 17
Humphreys
FOR IDENTIFICATION
DATE 4/11/05  RPTR: JC

Dear Dr. Fowler:

Vision Service Plan ("VSP") was founded in the belief that patients' interests are best served by the independent eyecare professional. This is the cornerstone of VSP's operational philosophy. Member Doctors may not be affiliated, contractually or otherwise, with chain, franchise, or other retail-type vision care entities. VSP recently completed a review of documentation received regarding your practice and as it relates to VSP membership philosophy and criteria. Based upon that review, it was determined that you do not meet all requisite requirements, including, but not limited to, complete control over all aspects of your practice, including dispensary. This is a violation of certain terms and conditions stated in the VSP Member Doctor Agreement.

Condition "E" of the Member Doctor Agreement states: *"Ownership and control of a Member Doctor's practice, including dispensary, is essential for VSP membership. Member Doctor shall have, or be employed by another VSP Member Doctor who has majority ownership and complete control of all aspects of his/her practice including dispensary."*

Number 7 of the Member Doctor Office Standards, also states, in pertinent part: *"All VSP member doctors will provide and have ownership and control of dispensing services...."*

Based upon the foregoing, it would also appear that the following provisions of the VSP Member Doctor Agreement are applicable to this situation:

Condition "C" of the Member Doctor's Agreement states: *"Each optometrist and ophthalmologist providing primary eyecare and routine vision care in any office of Member Doctor must be an authorized Member Doctor, all offices of Member Doctor must qualify as VSP offices, and all Vision Care Services furnished to each VSP Patient by Member Doctor must be rendered in VSP qualified offices."*

Section B, number 18, states, in pertinent part: *"That all of the points in this Agreement, as well as the published VSP Articles, VSP Provider Reference Manual, standards..., rules..., together with amendments thereto, shall constitute the entire Agreement between Member Doctor and VSP...,"*

Section B, number 19, also states, in pertinent part: *"That either party may terminate this Agreement by giving the other party at least ninety (90) days prior written notice. Save and except, however, VSP may terminate this Agreement immediately if Member Doctor fails to comply with VSP policies, rules, procedures and guidelines."*

3333 QUALITY DRIVE, RANCHO CORDOVA, CA 95670-7985
VISIT OUR WEB SITE AT VSP.COM

*Passion for people. Vision for life.*

831 1/13/2004

SHANNON D. FOWLER, O.D.
August 6, 2004
Page Two

Furthermore, Section B, number 20, also states, in pertinent part, Member Doctor agrees: *"To comply with all VSP policies, rules, procedures and guidelines."*

Because you do not comply with VSP's membership criteria, you are being removed from VSP's panel of member doctors.  You have until **October 6, 2004,** to complete any existing VSP cases in progress. Claims with a date of service of **October 7, 2004,** or later will no longer be paid directly to you.

Effective **October 7, 2004,** VSP will no longer accept electronic claims from you.  Paper claims submitted from you beginning **October 7, 2004,** will be assessed a $2.50-per-claim charge, per VSP's policy.

Your name will continue to appear on the Member Doctor list only until the next printing, at which time it will be removed.  As VSP patients schedule appointments, they should be advised that you no longer provide care as a VSP member doctor.  Neither VSP, nor the Enrollee will be liable for payment of any charges incurred without the patient's prior knowledge of the fact that you are no longer a VSP member doctor.

You may appeal this decision by requesting a hearing before a panel appointed by the VSP Quality Management Committee. If you wish to appeal this decision, please notify **Brenda J. Smith**, the Appeals & Hearings Coordinator, in writing, at 3333 Quality Drive, Rancho Cordova, CA 95670.

If you fail to request this hearing within thirty (30) days of your receipt of this letter, your appeal rights will be forfeited. In addition, the failure to participate in a scheduled hearing following such request will also be grounds for forfeiture of any further right to appeal this decision.

In the future, if you believe that your situation has changed, you may reapply for membership. In such event, you will be subject to a $450.00 reapplication fee. There is no guarantee, however, that any such application for membership will be approved.

If you have any questions, you may contact Beth Crumley at (800) 462-7009, ext. 344.

Sincerely,

DENIS HUMPHREYS, O.D.
Optometry Director

DH/bc



March 14, 2005

Shannon Fowler, O.D.
4418 Commons Drive EAST, Ste. A
Destin, FL 32541

RE: _Result of Formal Hearing before VSP's Quality Care Committee_

Dear Dr. Fowler,

Thank you for participating in the Formal Hearing of your request on February 25, 2005, before Vision Service Plan's (VSP) Quality Care Committee Hearing Panel. The Hearing Panel has carefully reviewed and considered the following information:

1. All documentary evidence submitted in the Formal Hearing Packet and addendum; and

2. All relevant testimony given on February 25, 2005, before the VSP Quality Care Committee.

Based upon the evidence received and admitted, the Hearing Panel has made the finding and determination that:

A. The VSP Member Doctor Agreement provides, at Section B, paragraph 19, _"That either party may terminate this Agreement by giving the other party at least ninety (90) days prior written notice."_ Based thereon, VSP timely notified you of its election to so terminate the relationship with you pursuant to the referenced provision.

B. Based on the preceding, further findings and determination by this Panel is not necessary. Notwithstanding, and for informational purposes, this Panel also finds,

- "VSP was founded in the belief that patients' interests are best served by the independent eye care professional. This is the cornerstone of VSP's operational philosophy." Your practice does not comport with VSP's preferred business model.
- _You lack requisite ownership and/or complete control over all aspects of the practice, including the dispensary, in violation of Condition "C", "E" and/or "F" and Section B, numbers 18 and 20, of the Member Doctor Agreement, in addition to Number 7 of the Member Doctor Office Standards._

Accordingly, the Hearing Panel has confirmed the VSP Optometry Director's decision to _remove_ you from membership pursuant to Section B.19 of the VSP Member Doctor Agreement, whereby either party may terminate the relationship by giving the other at least ninety (90) days prior written notice. This result letter shall further serve to satisfy such notice requirement.

3333 QUALITY DRIVE, RANCHO CORDOVA, CA 95670-7985
VISIT OUR WEB SITE AT VSP.COM

_Passion for people. Vision for life._

Shannon Fowler, O.D.
March 14, 2005
Page Two

You are granted until **June 20, 2005 (90 days)**, to complete any existing VSP cases in progress. Claims with a date of service *on or after the above stated date*, will no longer be paid to you directly.

Please be advised, however, that your name will continue to appear in the printed member list until the next printing. As VSP patients schedule appointments, you are required to advise them that you no longer provide care as a VSP member doctor.

You are further advised that, under no circumstances will VSP, or the VSP covered patient, be liable for the payment of charges incurred without the patient's prior knowledge of the doctor's non-member status.

Effective June 20, 2005, *as stated previously*, you will no longer be able to submit claims electronically to VSP for prior dates of service. Any paper claims you submit beginning June 21, 2005, as stated above, may be assessed a $2-per claim charge, per VSP policy.

If any changes occur in your situation that would make you consider yourself eligible, you may re-apply for membership. There is no guarantee, however, that your application for membership will be approved and you will be charged a $450.00 application fee for this process.

If you require additional assistance, please contact Diane Parenti at (800) 852-7600, extension 5071.

Sincerely,

G. Kenneth Johnson, O.D.
Hearing Panel Chair

GKJ/dp

October 8, 2004

HAROLD F. CURTIN, III, O.D.
423 Boston Post Rd.
Sudbury, MA 01776-3011

Dear Dr. Curtin:

Vision Service Plan ("VSP") was founded in the belief that patients' interests are best served by the independent eyecare professional. This is the cornerstone of VSP's operational philosophy. Member Doctors may not be affiliated, contractually or otherwise, with chain, franchise, or other retail-type vision care entities. VSP recently completed a review of documentation received regarding your practice and as it relates to VSP membership philosophy and criteria. Based upon that review, it was determined that you do not meet all requisite requirements, including, but not limited to, complete control over all aspects of your practice, including dispensary. This is a violation of certain terms and conditions stated in the VSP Member Doctor Agreement.

Condition "E" of the Member Doctor Agreement states: *"Ownership and control of a Member Doctor's practice, including dispensary, is essential for VSP membership. Member Doctor shall have, or be employed by another VSP Member Doctor who has majority ownership and complete control of all aspects of his/her practice including dispensary."*

Number 7 of the Member Doctor Office Standards, also states, in pertinent part: *"All VSP member doctors will provide and have ownership and control of dispensing services...."*

Based upon the foregoing, it would also appear that the following provisions of the VSP Member Doctor Agreement are applicable to this situation:

Condition "C" of the Member Doctor's Agreement states: *"Each optometrist and ophthalmologist providing primary eyecare and routine vision care in any office of Member Doctor must be an authorized Member Doctor, all offices of Member Doctor must qualify as VSP offices, and all Vision Care Services furnished to each VSP Patient by Member Doctor must be rendered in VSP qualified offices."*

Section B, number 18, states, in pertinent part: *"That all of the points in this Agreement, as well as the published VSP Articles, VSP Provider Reference Manual, standards..., rules..., together with amendments thereto, shall constitute the entire Agreement between Member Doctor and VSP...,"*

Section B, number 19, also states, in pertinent part: *"That either party may terminate this Agreement by giving the other party at least ninety (90) days prior written notice. Save and except, however, VSP may terminate this Agreement immediately if Member Doctor fails to comply with VSP policies, rules, procedures and guidelines."*

PLAINTIFF'S
EXHIBIT NO. NUMBERED 18
FOR IDENTIFICATION
DATE: 4/11/05 RPTR: JC
PENGAD 800-631-6989

HAROLD F. CURTIN, III, O.D.
October 8, 2004
Page Two

Furthermore, Section B, number 20, also states, in pertinent part, Member Doctor agrees: *"To comply with all VSP policies, rules, procedures and guidelines."*

Because you do not comply with VSP's membership criteria, you are being removed from VSP's panel of member doctors.  You have until **December 8, 2004,** to complete any existing VSP cases in progress. Claims with a date of service of **December 9, 2004,** or later will no longer be paid directly to you.

Effective **December 9, 2004,** VSP will no longer accept electronic claims from you.  Paper claims submitted from you beginning **December 9, 2004,** will be assessed a $2.50-per-claim charge, per VSP's policy.

Your name will continue to appear on the Member Doctor list only until the next printing, at which time it will be removed.  As VSP patients schedule appointments, they should be advised that you no longer provide care as a VSP member doctor.  Neither VSP, nor the Enrollee, will be liable for payment of any charges incurred without the patient's prior knowledge of the fact that you are no longer a VSP member doctor.

You may appeal this decision by requesting a hearing before a panel appointed by the VSP Quality Management Committee. If you wish to appeal this decision, please notify **Brenda Monica**, the Appeals & Hearings Coordinator, in writing, at 3333 Quality Drive, Rancho Cordova, CA 95670.

If you fail to request such hearing within thirty (30) days of your receipt of this letter, your appeal rights will be forfeited. In addition, the failure to participate in a scheduled hearing following such request will also be grounds for forfeiture of any further right to appeal this decision.

In the future, if you believe that your situation has changed, you may reapply for membership. In such event, you will be subject to a $450.00 reapplication fee. There is no guarantee, however, that any such application for membership will be approved.

If you have any questions, you may contact Kristina Little at (800) 462-7009, ext. 285.

Sincerely,

*Denis Humphreys, o.d.*

DENIS HUMPHREYS, O.D.
Optometry Director

DH/kl



HEARING PANEL APPOINTED BY
THE QUALITY MANAGEMENT COMMITTEE

**FEBRUARY 9, 2005**
INFORMAL HEARING OF:    **HAROLD CURTIN III, O.D.**
                        **RALPH EAVES, O.D.**
                        **SUDBURY, MA**

## SUMMARY

### I. ISSUES

This hearing concerns VSP's determination to remove Drs. Curtain and Eaves from panel membership. Section B, number 19 of the Member Doctor Agreement provides, in part, "That either party may terminate this Agreement by giving the other party at least ninety (90) days prior written notice." (see page 190). VSP made such election to terminate the relationship pursuant to this provision.

Although a finding of cause is not necessary, VSP determined Drs. Curtain and Eaves practice does not comport with VSP's preferred business model, and therefore, they do not meet VSP membership criteria (see pages 2-5).

Vision Service Plan ("VSP") was founded on the belief that patients' interests are best served by the independent eyecare professional. This is the cornerstone of VSP's operational philosophy. Member Doctors may not be affiliated, contractually or otherwise, with retail-commercial chain or franchise vision care entities. Drs. Curtain and Eaves lack of ownership and/or complete control over all aspects of his practice, including the dispensary, constitutes a breach of Condition "E", of the Member Doctor Agreement and Number 7 of the Member Doctor Office Standards (see pages 2-5, 191-194). In addition, it would also appear that Condition "C" and Section B, numbers 18 and 20, of the Member Doctor Agreement are applicable to this situation (see pages190-193).

### II. FACTS

In June of 2003, VSP requested documentation, so that a determination could be made regarding Drs. Curtain and Eaves business arrangement with Pearle Vision, Inc.

In December of 2003, Drs. Curtain and Eaves information was reviewed. Based thereon, it appears, that Drs. Curtain and Eaves fail to exhibit requisite ownership and/or complete control over all aspects of the practice, including dispensary (see pages 6-189).

VSP notified Drs. Curtain and Eaves, of its opinion by letter dated October 8, 2004 (see pages 2-5).

### III. DOCTOR'S POSITION

On November 4, 2004, in a letter to VSP, the doctor's attorney, Eric Karp, requested an Informal Hearing to appeal the decision to remove Drs. Curtain and Eaves from membership (see page 1).

### IV. VSP CONCLUSION

VSP completed a review of documentation received regarding the practice of Drs. Curtain and Eaves, as that practice relates to the VSP membership philosophy. Based upon the affiliation of Drs. Curtain and Eaves with Pearle Vision, Inc., VSP concluded that the practice does not comport with its preferred model. In correspondence dated October 8, 2004, Drs. Curtain and Eaves were notified of their removal from membership (see pages 2-5).

APR - 4 2005



March 28, 2005

Harold Curtin, III, O.D.
Ralph Eaves, O.D.
Pearle Vision Center
1 Sudbury Crossing
Sudbury, MA 01776

RE: *VSP's Quality Management Committee Decision*

Dear Doctor,

Thank you for participating in the Informal Hearing of your request on February 9, 2005, before Vision Service Plan's (VSP) Quality Management Committee Hearing Panel. The Hearing Panel has carefully reviewed and considered the following information:

1. All documentary evidence submitted in the Hearing Packet and addendum; and

2. All relevant testimony given on February 9, 2005, before the VSP Quality Management Committee.

Based upon the evidence presented, the Hearing Panel has made the determination that:

A. The VSP Member Doctor Agreement provides, at Section B, paragraph 19, *"That either party may terminate this Agreement by giving the other party at least ninety (90) days prior written notice."* Based thereon, VSP timely notified you of its election to so terminate the relationship with you pursuant to the referenced provision.

B. Based on the preceding, further findings and determination by this Panel are not necessary. Notwithstanding, and for informational purposes, this Panel also finds,

- *Lack of ownership and/or complete control over all aspects of the practice, including the dispensary is in violation of Condition "C" and "E" of the Member Doctor Agreement, Section B, numbers 18 and 20, in addition to Number 7 of the Member Doctor Office Standards*

"VSP was founded in the belief that patients' interests are best served by the independent eye care professional. This is the cornerstone of VSP's operational philosophy."

Accordingly, the Hearing Panel has confirmed the VSP Optometry Director's decision to **remove** you from membership pursuant to Section B.19 of the Member Doctor Agreement, whereby either party may terminate the relationship by giving the other at least ninety (90) days prior written notice. This result letter shall serve to satisfy such notice requirement.

Drs. Curtin & Eaves
March 28, 2005
Page Two

You may appeal this decision by requesting a formal hearing before a hearing panel appointed by the VSP Quality Care Committee. A written request to appeal this decision must be received within thirty (30) days of your receipt of this letter, at VSP Corporate Headquarters in Rancho Cordova, California.

Your request for appeal must be addressed to the VSP Board of Directors and sent to the attention of Diane Parenti at VSP. If you would like to participate by telephone conference call, please so indicate in your written request and provide a telephone number where you are to be reached the date of the hearing.

Should you fail to request this hearing within thirty (30) days you will forfeit any further appeal rights and VSP's decision to terminate your membership will become final effective **July 1, 2005.** If you request, then fail to participate in the hearing, you will also forfeit any right to appeal this decision. 

Your hearing rights are set forth in the attached VSP Peer Review Plan and Fair Hearing Procedure.

If you require additional information, please contact Diane Parenti at 916-851-5071, or e-mail at dianpa2@VSP.com.

Cordially,

*Denis Humphreys, OD*

DENIS HUMPHREYS, OD
Optometry Director

DH/dp

Enclosed: VSP Peer Review Plan and Fair Hearing Procedure

Cc: Eric Karp. Esq.
    WITMER, KARP & WARNER, LLP
    22 Batterymarch Street
    Boston, MA 02109